*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0501**

State of Minnesota,
Respondent,

vs.

Christine Marie McGinty,
Appellant.

**Filed March 2, 2015
Affirmed
Smith, Judge**

Wright County District Court
File No. 86-CR-12-5742

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Rändi Anna Setter, Buffalo City Attorney, Buffalo, Minnesota (for respondent)

Eric J. Nelson, Halberg Criminal Defense, Bloomington, Minnesota (for appellant)

        Considered and decided by Bjorkman, Presiding Judge; Smith, Judge; and

Klaphake, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**SMITH**, Judge

We affirm the district court's denial of appellant's pretrial motion to suppress evidence resulting from a warrantless entry into appellant's home because the record supports the district court's finding that appellant's teenage son consented to the entry.

**FACTS**

On October 4, 2012, the Buffalo Police Department received a complaint that a car being driven erratically had pulled into a residence. Officer Kristine Lindell was dispatched to the residence in full uniform with a marked squad car. Appellant Christine McGinty's 16-year-old son answered the door, leaving it partially ajar while he answered the officer's questions. A dog also came to the door, and McGinty's son held the dog back from the door.

During the officer's questioning, McGinty's son identified his mother as the driver of the car and then opened the door all the way and stepped back. The officer, believing that the son's actions were an invitation to enter the home, stepped into the home and saw McGinty, who appeared intoxicated. After additional questioning of both McGinty and her son, the officer arrested McGinty. The state charged McGinty with two counts of driving while impaired.

McGinty subsequently moved to suppress evidence obtained as a result of the officer's warrantless entry. At an omnibus hearing, the officer testified that McGinty's son had answered questions helpfully and that she believed he had extended a nonverbal invitation to enter. McGinty's son testified that he had merely tried to pull the dog

2

further into the home and had not intended for the officer to enter. The district court denied the motion to suppress. The district court then found McGinty guilty of both counts at a stipulated-facts trial under Minn. R. Crim. P. 26.01, subd. 4, and sentenced her to 365 days in jail, with 355 days stayed for five years, and five years' probation.

## D E C I S I O N

When reviewing pretrial orders on motions to suppress evidence, we review the district court's factual findings for clear error, *State v. Lemieux*, 726 N.W.2d 783, 787 (Minn. 2007), and its decision whether to suppress the evidence as a matter of law, *State v. Harris*, 590 N.W.2d 90, 98 (Minn. 1999).

The United States and Minnesota Constitutions prohibit unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. A warrantless entry into a constitutionally protected area, such as one's home, is presumed unreasonable. *Kyllo v. United States*, 533 U.S. 27, 31, 121 S. Ct. 2038, 2042 (2001); *State v. Thompson*, 578 N.W.2d 734, 740 (Minn. 1998). Any evidence acquired as a result of an unreasonable search must be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 484, 83 S. Ct. 407, 416 (1963); *State v. Askerooth*, 681 N.W.2d 353, 370 (Minn. 2004).

However, searches conducted with valid, voluntary consent are an exception to the warrant requirement. *State v. Othoudt*, 482 N.W.2d 218, 222 (Minn. 1992). Consent must be given voluntarily and not be the product of mere acquiescence to authority. *See State v. Howard*, 373 N.W.2d 596, 599 (Minn. 1985). "The question of whether consent is voluntary is a question of fact, and is based on all relevant circumstances," and we therefore review for clear error. *Othoudt*, 482 N.W.2d at 221-22. The state has the

3

burden of proving consent. *Id.* We reverse only if "we are left with the definite and firm conviction that a mistake occurred." *State v. Andersen*, 784 N.W.2d 320, 334 (Minn. 2010).

Although McGinty conceded at oral argument that her son had authority to consent to a warrantless entry, she argues that her son stepped back solely to restrain the dog when the officer entered without invitation or requesting permission to enter. Consent may be given verbally or implied by nonverbal actions. *Othoudt*, 482 N.W.2d at 222. Gestures and actions that are reasonably understood to invite entry objectively imply consent. *See Illinois v. Rodriguez*, 497 U.S. 177, 185-86, 110 S. Ct. 2793, 2800 (1990) (stating that it is not that factual determinations made by law enforcement during searches and seizures must "always be correct, but that they always be reasonable"). For example, making way for an officer to enter or beckoning toward the inside of a home objectively imply invitations to enter. *See State v. Ulm*, 326 N.W.2d 159, 161-62 (Minn. 1982) (finding consent where a resident of the home motioned from her porch and led officers inside); *see also Howard*, 373 N.W.2d at 599 (finding consent when petitioner opened the door fully and stepped back with knowledge that officers were investigating a crime).

We note that it is always the best practice for a law enforcement officer to make a clear verbal request before entering a home without a warrant. Any misunderstanding could have been easily resolved had the officer verbally requested permission to enter or asked to speak to McGinty; however, the record supports the district court's finding that McGinty's son voluntarily consented to the officer's entry. The son testified that he

understood what was going on and why the officer was there, and the record contains no indication that McGinty's son did not possess the maturity and intelligence necessary to understand the seriousness of the situation.

The officer's testimony also supports the district court's finding that McGinty's son's actions could reasonably be understood as an invitation to enter. First, the officer testified that, initially, the son opened the door only partially. Next, she stated that, when the son identified McGinty as the car's driver, he stepped back and opened the door all the way. The officer believed that this act was an invitation to enter, and that it was not related to the dog that was already at the door. Once she stepped in, the officer could immediately see McGinty, which supports the officer's inference that McGinty's son opened the door so that she could enter to talk to McGinty. The officer continued to ask McGinty's son questions after entering, and the officer testified that McGinty's son continued to be helpful and gave no indication that he had not intended for her to enter. Finally, while McGinty's son testified that he did not subjectively intend to invite the officer to enter, he did not deny stepping back and opening the door wider. Applying an objective standard, McGinty's son's actions could reasonably be understood as an invitation to enter. Therefore, the district court's finding that he consented to the entry was not clearly erroneous, and the district court did not err by denying McGinty's suppression motion.

**Affirmed.**